IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-00490-RMR-SBP

BRIAN HOLTSCLAW, individually and on behalf of all similarly situated persons,

     Plaintiff,

v.

STAKE CENTER LOCATING, LLC, a Utah limited liability company,

     Defendant.

---

**SCHEDULING ORDER**

---

## 1. DATE OF CONFERENCE
## AND APPEARANCES OF COUNSEL AND PRO SE
## PARTIES

**April 23, 2024, at 2:00 PM MST**

**Richard Schreiber of Josephson Dunlap, on behalf of Plaintiff Brian Holtsclaw, individually and on behalf of all similarly situated persons.**

**~~Alan Felts~~ Zane Gilmer, Daniel Stratton, and Denis Jacobson of Tuggle Duggins P.A, on behalf of Defendant Stake Center Locating LLC.**

## 2. STATEMENT OF JURISDICTION

    The Court has original subject matter jurisdiction over Plaintiff's claims in this case pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1453.

## 3. STATEMENT OF CLAIMS AND DEFENSES

   a. Plaintiffs:

    **Plaintiff maintains Defendant did not pay him and the other utility locators in Colorado for all hours worked. Plaintiff contends Defendant's required 30 minute**

lunch break policy as well as other off the clock job obligations violate Colorado wage and hour laws. Plaintiff also maintains his auto allowance was not properly calculated into his regular rate for overtime purposes.

b.  Defendants:

Defendant complied with Colorado's wage and hour laws. Specifically, Defendant did not require its Utility Locators to work off the clock before and after their shifts or during their meal breaks. Defendant has a uniform policy to pay all employees for all hours worked, including overtime.

Defendant did not violate Colorado's wage and hour laws, by failing to include its automobile deduction reimbursement in its Utility Locators' regular rate of pay. The reimbursement is a fringe benefit provided to Utility Locators in accordance with the IRS' Commuting Rule, found in IRS Publication 15-B. The payment reimburses the Utility Locators for a deduction made to their paychecks for their use of company vehicles for commuting purposes. Defendant contends that such a reimbursement was properly excluded from the regular rate of pay for purposes of calculating overtime.

c.  Other Parties: **N/A.**

*[Provide concise statements of all claims or defenses. Each party, in light of formal or informal discovery undertaken thus far, should take special care to eliminate frivolous claims or defenses. Fed. R. Civ. P. 11 and 16(c)(2)(A).  Do not summarize the pleadings. Statements such as defendant denies the material allegations of the complaint" are not acceptable.]*

## 4.  UNDISPUTED FACTS

The following facts are undisputed:

During their employment with Defendant Stake Center Locating, LLC, Plaintiff and the putative class members were hourly non-exempt employees. Plaintiff and the putative class members were subject to a 30 minute unpaid meal/lunch break policy. Plaintiff and the putative class members received an automobile payment in connection with their use of Stake Center Locating's provided company vehicle. This payment was excluded from the regular rate of pay for purposes of calculating overtime.

*[When the parties have the Rule 26(f) meeting, they should make a good-faith attempt to determine which facts are not in dispute.]*

## 5.  COMPUTATION OF

## DAMAGES

Plaintiff and the putative class members are owed for all hours worked. Plaintiff and the putative class members are owed straight time rate for hours worked off the clock under 40 in each workweek and time and a half for hours worked off the clock over 40. Further, Plaintiff and the putative class members' regular rate was not properly calculated because Defendant failed to include automobile pay in the regular rate. Plaintiff and the putative class members are also seeking attorneys' fees and costs.

Plaintiff is owed time and a half at a rate of at least $34.5 for each off the clock hour worked over 40 in a workweek. Plaintiff is also owed at least $23 for each off the clock hour worked up to 40 which was not included in his pay. Plaintiff estimates he is owed an unliquidated amount of roughly $5,000 in back wages. While Plaintiff knows there are over 100 putative class members, he does not know the exact number or there hourly rates in order to calculate their back wages.

*[Include a computation of all categories of damages sought and the basis and theory for calculating damages. See Fed. R. Civ. P. 26(a)(1)(A)(iii). This should include the claims of all parties. It should also include a description of the economic damages, non-economic damages, and physical impairment claimed, if any.]*

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting.

**The Rule 26(f) conference occurred on April 2, 2024.**

b. Names of each participant and party he/she represented.

**Richard Schreiber of Josephson Dunlap, on behalf of Plaintiff Brian Holtsclaw, individually and on behalf of all similarly situated persons.**

**Alan Felts and Denis Jacobson of Tuggle Duggins P.A., on behalf of Defendant Stake Center Locating LLC.**

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

**The parties ~~will~~ exchanged their respective Rule 26(a)(1) disclosures ~~by~~ on or before April 16, 2024.**

*[If a party's disclosures were not made within the time provided in Fed. R. Civ. P.*

*26(a)(1)(C) or by the date set by court order, the parties must provide an explanation showing good cause for the omission.]*

    d.   Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

**The parties do not have any changes to the requirements of disclosures under Rule 26(a)(1).**

    e.   Statement concerning any agreements to conduct informal discovery:

*[State what processes the parties have agreed upon to conduct informal discovery, such as joint interviews with potential witnesses or joint meetings with clients to discuss settlement, or exchanging documents outside of formal discovery. If there is agreement to conduct joint interviews with potential witnesses, list the names of such witnesses and a date and time for the interview which has been agreed to by the witness, all counsel, and all pro se parties.]*

**The parties have no such agreement at this time.**

    f.   Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

*[Counsel and pro se parties are strongly encouraged to cooperate in order to reduce the costs of litigation and expedite the just disposition of the case. Discovery and other litigation costs may be reduced, for example, through telephone depositions, joint repositories for documents, use of discovery in other cases, and extensive use of expert affidavits to support judicial notice. Counsel and pro se parties also will be expected to use a unified exhibit numbering system if required by the practice standards of the judicial officer presiding over the trial of this case. Non-prisoner pro se parties are reminded that e-filing is available as one means to reduce expenses – see the Electronic Case Filing page of the Court's website.]*

**The parties will make reasonable, good faith efforts to reduce costs and to expedite this action. The parties will use a unified numbering system for deposition exhibits.**

    g.   Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

*[In such cases, the parties must indicate what steps they have taken or will take to (I) preserve electronically stored information; (ii) facilitate discovery of electronically stored information; (iii) limit the associated discovery costs and delay; (iv) avoid discovery disputes*

*relating to electronic discovery; and (v) address claims of privilege or of protection as trial-preparation materials after production of computer-generated records. Counsel should refer to the court's Electronic Discovery Guidelines and Checklist, available on the court's website HERE, and should describe any proposals or agreements regarding electronic discovery made at the Rule 26(f) conference and be prepared to discuss issues involving electronic discovery, as appropriate, at the Scheduling Conference.]*

*[When the parties have their Rule 26(f) meeting, they must discuss any issues relating to the disclosure and discovery of electronically stored information, including the form of production, and also discuss issues relating to the preservation of electronically stored information, communications, and other data. At the Rule 26(f) meeting, the parties should make a good faith effort to agree on a mutually acceptable format for production of electronic or computer-based information. In advance of the Rule 26(f) meeting, counsel carefully investigate their client's information management systems so that they are knowledgeable as to its operation, including how information is stored and how it can be retrieved.]*

**The parties anticipate that there will be a fair amount of electronically stored information involved in this case. The parties agree to work together in good faith to develop an agreed upon ESI protocol. The parties will identify relevant custodians and confer on search terms.**

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

*[The parties are required by Fed. R. Civ. P. 26(f)(2) to have discussed the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution. They must also report the result of any such meeting, and any similar future meeting, to the magistrate judge within 14 days of the meeting.]*

**The Parties do not believe there is a likelihood of promptly settling or resolving the case at this time. The Parties are willing to mediate the dispute following a ruling on Class Certification.**

## 7. CONSENT

*[Pursuant to D.C.COLO.LCivR 40.1(c) and 72.2, all full-time magistrate judges in the District of Colorado are specially designated under 28 U.S.C. § 636(c)(1) to conduct any or all proceedings in any jury or nonjury civil matter and to order the entry of judgment. Parties consenting to the exercise of jurisdiction by a magistrate judge must complete and file the court-approved Consent to the Exercise of Jurisdiction by a United States Magistrate Judge form.]*

*[Indicate below the parties' consent choice. Upon consent of the parties and an order of reference from the district judge, the magistrate judge assigned the case under 28 U.S.C.§ 636(a) and (b) will conduct all proceedings related to the case.]*

All parties    ☐ [have]    **X**    [have not] consented to the exercise of jurisdiction of a

magistrate judge.

## 8. DISCOVERY LIMITATIONS

*[In the majority of cases, the parties should anticipate that the court will adopt the presumptive limitations on depositions established in Fed. R. Civ. P. 30(a)(2)(A)(i) and 33(a)(1). The parties are expected to engage in pretrial discovery in a responsible manner consistent with the spirit and purposes of Fed. R. Civ. P. 1 and 26 through 37.  The parties are expected to propose discovery limits that are proportional to the needs of the case, the amount in controversy, the importance of the issues at stake in the action, and all other scope of discovery considerations. See Fed. R. Civ. P. 26(b)(1). The court must limit discovery otherwise permitted by the Federal Rules of Civil Procedure if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1). " See Fed. R. Civ. P. 26(b)(2)(C).]*

**The Court sets the following limitations to regulate the initial phase of discovery on class certification. Once Plaintiff's Motion for Class Certification has been decided, the parties shall reconvene to determine a schedule for discovery on the merits.**

    a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

**Prior to Class Certification, the Parties have no modifications. 5 depositions per side; 25 interrogatories, including discrete subparts, per side. The Parties agree to revisit modifications to the number of depositions or interrogatories following the Court's ruling on a Motion for Class Certification.**

*[If a party proposes to exceed the numerical limits set forth in Fed. R. Civ. P. 30(a)(2)(A)(I), at the scheduling conference they should be prepared to support that request by reference to the factors identified in Fed. R. Civ. P. 26(b)(2)(C)]*

    b. Limitations which any party proposes on the length of depositions.

**7 hours for each deposition ~~prior to the Court's ruling Motion for Class Certification~~. The Parties agree to revisit modifications to the number of hours depositions can last following the Court's ruling on a Motion for Class Certification.**

    c. Limitations which any party proposes on the number of requests for production and/or requests for admission.*[If the parties propose more than twenty-five (25) requests for*

*production and/or requests for admission, at the scheduling conference they should
be prepared to support that proposal by reference to the factors identified in Fed. R.
Civ. P. 26(b)(2)(C).]*

**Prior to Class Certification, the Parties have no modifications to the limits.
25 requests for admission per side and 25 requests for production per side. The
Parties agree to revisit modifications to the number of requests for production
and/or requests for admission following the Court's ruling on a Motion for Class
Certification.**

    d.   Deadline for service of Interrogatories, Requests for Production of Documents and/or
Admissions: ~~May 30~~ July 19, 2024

*[The parties are expected to serve interrogatories, requests for production and/or requests
for admission on opposing counsel or a pro se party on a schedule that allows timely responses
on or before the discovery cut-off date.]*

    e.   Other Planning or Discovery Orders

*[Set forth any other proposed orders concerning scheduling or discovery. For example,
the parties may wish to establish specific deadlines for submitting protective orders or for filing
motions to compel.]*

**None at this time.**

## 9. CASE PLAN AND SCHEDULE

    a.   Deadline for Joinder of Parties and Amendment of Pleadings:

*[Set time period within which to join other parties and to amend all pleadings. This
deadline refers to timing only and does not eliminate the necessity to file an appropriate motion
and to otherwise comply with Fed. R. Civ. P. 15. Unless otherwise ordered in a particular case,
for good cause, this deadline should be no later than 45 days after the date of the scheduling
conference, so as to minimize the possibility that late amendments and joinder of parties will
precipitate requests for extensions of discovery cutoff, final pretrial conference, and dispositive
motion dates. Counsel and pro se parties should plan discovery so that discovery designed to
identify additional parties or claims is completed before these deadlines.]*

    b.   Discovery Cut-off:

**The parties propose a bifurcated discovery schedule, with the first stage
limited to discovery pertaining to class certification and the second stage limited
to the merits. The parties propose an October 15, 2024, deadline for class
certification discovery. Once the Court rules on Plaintiff's Motion for Class**

**Certification, the parties will re-convene to determine a schedule for merits discovery.**

  c. Dispositive Motion Deadline:

*[Set time periods in which discovery is to be completed and dispositive motions are to be filed.]*

   **While Plaintiff maintains his Motion for Class Certification is not a Dispositive Motion, Plaintiff will file his Motion <span style="color:red">for Class Certification</span> by December 16, 2024. Defendant shall file its Response to the Motion for Class Certification within 30 days of Plaintiff's Motion, <span style="color:red">January 15, 2025</span>. Plaintiff shall file his Reply in Support of Motion for Class Certification within 14 days of Defendant's Response, <span style="color:red">January 29, 2025</span>.**

   **Once the Court rules on Plaintiff's Motion for Class Certification, the parties will re-convene to propose a schedule for the remaining deadlines, including a deadline to file dispositive motions.**

  d. Expert Witness Disclosure – **The Parties do not anticipate the need for expert witnesses in connection with Class Certification. The Parties agree to revisit Expert Witness disclosures following the Court's ruling on a Motion for Class Certification in connection with merits discovery.**

   1. The parties shall identify anticipated fields of expert testimony, if any.

   2. Limitations which the parties propose on the use or number of expert witnesses.

   3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before _____, 20_____. *[This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]*

   4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before _____, 20_____. [This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]

   *[Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the*

*requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by the court. In addition to the requirements set forth in Rule 26(a)(2)(B)(I)-(vi), the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.]*

    e.   Identification of Persons to Be Deposed:

*[List the names of persons to be deposed and provide a good faith estimate of the time needed for each deposition. All depositions must be completed on or before the discovery cut-off date and the parties must comply with the notice and scheduling requirements set for in D.C.COLO.LCivR 30.1.]*

**The Defendant plans to depose Plaintiff Brian Holtsclaw and anticipate that deposition to last 1 day.**

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a.  Status conferences will be held in this case at the following dates and times: None at this time. Future status conferences may be set at the request of the parties or the Court.

b.  In light of the fact that this initial schedule governs only the class certification phase of discovery, the issue of a final pretrial conference is not addressed at this time.

## 11. OTHER SCHEDULING MATTERS

a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.
**None.**

b.  Anticipated length of trial and whether trial is to the court or jury. – **This will vary depending on the Court's ruling on a Motion for Class Certification and the Parties suggest revisiting this with the Court following such ruling.**

c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.
**None.**

*[Determination of any such request will be made by the magistrate judge based on the*

*individual needs of the case and the availability of space and security resources.]*

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

*[The following paragraphs shall be included in the scheduling order:]*

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.
With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

*[Include a statement that the scheduling order may be altered or amended only upon a showing of good cause.]*

 DATED at Denver, Colorado, this 23rd day of April, 2024.

BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

APPROVED:

*/s/ Alan Felts*
Alan Felts

400 Bellemeade St., Ste. 800
Greensboro, NC 27401
336-271-5215 Telephone

Attorney for Defendant

*/s/ Richard M. Schreiber*
Richard M. Schreiber

11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100 Telephone

Attorney for Plaintiff