# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-00490-RMR-SBP

BRIAN HOLTSCLAW, individually and on behalf of all similarly situated persons,

    Plaintiff,

v.

STAKE CENTER LOCATING, LLC, a Utah limited liability company,

    Defendant

---

## RESPONSE IN OPPOSITION TO MOTION TO EXTEND DEADLINE TO FILE FOR CLASS CERTIFICATION

COMES NOW Defendant Stake Center Locating, LLC ("SCL"), through counsel, and submits this Response in Opposition to the Motion to Extend Deadline to File for Class Certification (the "Motion") (ECF No. 33) and states:

## INTRODUCTION

Plaintiff Brian Holtsclaw's ("Holtsclaw") last-minute efforts to postpone his deadline to move for class certification on the basis of a ginned up discovery dispute should be denied. Coming on the heels of Holtsclaw's own deposition, where he admitted that he did not review the complaint before it was filed, admitted that a number of the allegations in the complaint were inaccurate, and admitted that he did not actually have a factual basis for allegations that he worked off the clock through his meal breaks, Holtsclaw's

1

Motion is an effort to create delay while he attempts to salvage his claims. In these circumstances, Holtsclaw cannot show good cause under Fed. R. Civ. P. 16(b)(4) for an extension of time to file for class certification, and, accordingly, the Court should deny the Motion.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On April 16, 2024, the parties submitted a joint proposed scheduling order to the Court. (ECF No. 20). As part of that proposal, the parties suggested that discovery be bifurcated, with the "first stage limited to class certification" and the second stage "limited to merits." (*Id.*, p. 7). The parties also suggested October 15, 2024, as the deadline for class certification discovery. (*Id.*).

On April 23, 2024, the Court entered the Scheduling Order governing this matter (ECF No. 22). The Court bifurcated discovery and set October 15, 2024 as the deadline for class certification discovery and December 16, 2024 as the deadline for Holtsclaw to file his Motion for Class Certification. (*Id.*)

On May 28, 2024, Holtsclaw served SCL with Plaintiff's First Set of Discovery to Defendant Stake Center Locating, Inc. (the "Discovery Requests"), which included requests for information relevant to class certification and the merits, despite the Scheduling Orders' bifurcation of discovery. On June 27, 2024, SCL served Holtsclaw with its objections and responses to the Discovery Requests (the "Discovery Responses"). SCL objected to many of the document requests – noting that many of them were improperly seeking class wide discovery prior to certification. In response to each request, SCL indicated whether it would produce documents subject to its

2

objections. SCL made its production of documents consistent with its written responses on January 7, 2025.

On October 15, 2024, the window for discovery pertaining to class certification closed. The parties never requested, nor did the Court ever extend, the deadline for discovery. However, due to scheduling difficulties associated with the depositions the parties intended to take, the parties stipulated to a limited extension of the deadline for the filing of Holtsclaw's motion for class certification *for the purpose of conducting the depositions of Holtsclaw and three members of SCL management – Scott McCullough, Curtis Bentz, and Bryan Abear.*

As a result of those scheduling issues, on December 10, 2024 the parties filed a Joint Motion to Extend Deadline to File Class Certification. (ECF No. 26). The Court granted that motion same day, extending the deadline to file for class certification to January 30, 2025. (ECF No. 28). In early-to-mid January, Holtsclaw indicated that the parties would likely be unable to schedule the depositions of those four individuals by the January 30, 2025 deadline due to Holtsclaw's counsel having a jury trial in another matter starting on January 27, 2025. Holtsclaw's counsel asked whether SCL would agree to a second extension to Holtsclaw's deadline to move for class certification. SCL indicated that it would not oppose the extension so long as the parties could get dates for the depositions finalized.

On January 24, 2025, Holtsclaw filed his Motion for Extension of Time to File Class Certification (ECF No. 29), which SCL did not oppose and which the Court granted on January 28, 2025 (ECF No. 31), extending the deadline to file for class certification to

3

February 26, 2025. As with the prior motion, this motion raised no issues related to written discovery nor did it request any re-opening of the discovery deadline which had passed over three months prior.

On February 6, 2025, approximately four months after discovery closed, Holtsclaw's counsel sent an email to SCL's counsel, which contained numerous vague assertions of deficiencies in SCL's Discovery Responses in the present case. On February 11, 2025, the parties held a telephone conference to confer on the items in Holtsclaw's counsel's February 6, 2025 email.[1]

On February 13, 2025, counsel for SCL took Holtsclaw's deposition. During that deposition, it became clear that many of the allegations made in the Complaint did not actually apply to Holtsclaw and/or were simply inaccurate. On February 18, 2025, after Holtsclaw's claims were gutted by his own testimony, Holtsclaw sent an additional communication asserting his position that a number of SCL's interrogatory responses were deficient.

That same day, SCL sent additional written correspondence to Holtsclaw, asserting (i) that its responses to the Interrogatories and its production of documents were adequate, (ii) that its assertion of privilege during Abear's deposition was proper, and (iii) that it believed Holtsclaw's complaints regarding SCL's Discovery Responses and requests for additional depositions were untimely.

On February 20, 2025, Holtsclaw indicated that he intended to ask the Court for

---

[1] A summary of those disputes has been set out more fully in the parties' Joint Discovery Submission, provided to the Court on March 18, 2025.

4

an additional thirty (30) days to his deadline to file his Motion for Class Certification. On February 21, 2025, SCL informed Holtsclaw that it opposed any further extension.

On February 26, 2025, at 4:45 p.m. local time, the current deadline for him to file his Motion for Class Certification, Holtsclaw filed the pending Motion asking the Court to extend the deadline by ninety (90) days (the "Motion"). (ECF No. 33). Critically, that Motion contained numerous inaccuracies, including indicating at times that the motion was "joint[,]" that "the parties" sought the relief requested rather than only Holtsclaw, and that there had been only one prior extension to the deadline for Holtsclaw to file his motion for class certification. (*Id.*). The same day, the Motion was referred to Magistrate Judge Prose for consideration, (ECF No. 34). After SCL immediately notified Holtsclaw of the misstatements in the Motion, Holtsclaw filed an errata correcting those errors. (ECF No. 35). Because the Motion had already been referred, SCL, out of an abundance of caution, filed a Notice of Opposition to Holtsclaw's Motion informing the Court that it opposed the Motion and intended to file a response in opposition. (ECF No. 36). SCL now files this Response in Opposition to Holtsclaw's Motion.

## **LEGAL STANDARD**

A "Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. *McKeon v. Bank of Am.*, No. 21-CV-03264-RM-KLM, 2023 WL 4418258, at *2 (D. Colo. July 7, 2023) (citing *Washington Arapahoe Cnt. Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000)). The decision to modify a Scheduling Order "is committed to the sound discretion of the trial court." *Lehman Brothers Holdings Inc. v. Universal American Mortgage Co., LLC*, 300

5

F.R.D. 678, 681 (D. Colo. 2014) (quoting *Smith v. United States,* 834 F.2d 166, 169 (10th Cir.1987)).

"The purpose of Rule 16 is to maximize the efficiency of the court system by insisting that attorneys and clients cooperate with the court and abandon practices which unreasonably interfere with the expeditious management of cases . . . .The intent and spirit of Rule 16 is to allow courts to actively manage the timetable of case preparation so as to expedite the speedy disposition of cases." *Newton v. A.C. & S, Inc.*, 918 F.2d 1121, 1126 (3d Cir. 1990) (quoting Fed. R. Civ. P. 16 Advisory Committee Notes). "A party's failure to comply with deadlines disrupts important schedules in the federal court system, and a '[d]isruption to the schedule of the court and other parties in that manner is not harmless." *Mather v. Pease*, 2014 WL 3406002, at *2 (D. Mont. July 10, 2014).

Pursuant to Rule 16 and this Court's Scheduling Order (ECF No. 22), entered on April 23, 2024, the schedule may only be modified for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). The "good cause" standard requires the movant to show that the scheduling deadline cannot be met despite the movant's diligent efforts and to provide an adequate explanation for the delay. *Tesone v. Empire Marketing Strategies*, 942 F.3d 979, 988 (10th Cir. 2019). Prejudice to the party opposing the modification is "another relevant consideration." *Id.* "[A] scheduling order plays an important role in the management of a case and should not be unnecessarily amended." *McKeon*, 2023 WL 4418258, at *2 (citing *Washington*, 197 F.R.D. at 441 (D. Colo. 2000)). The scheduling order "is an important tool necessary for the orderly preparation of a case for trial." *Washington,* 197 F.R.D. at 441. "[S]cheduling orders are designed to offer a degree of

6

certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed and the case will proceed." *Rent-a-Center, Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 101 (S.D.N.Y. 2003).

## ARGUMENT

Holtsclaw cannot establish that good cause exists to extend his deadline to move for class certification because he cannot show that he utilized diligent efforts to comply with the now-passed current deadline and because his explanation for this delay is inadequate.

The Scheduling Order in this matter may only be modified for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). As noted above, "good cause" means a showing that the "scheduling deadlines cannot be met despite a party's diligent efforts." *Lehman Brother*, 300 F.R.D. at 681. Importantly, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* (quoting *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000)). Here, Holtsclaw cannot establish that good cause exists.

Holtsclaw contends good cause exists because of Holtsclaw's discovery dispute with SCL and because he now seeks to take additional depositions, however this is not "an adequate explanation for [his] delay." *Tesone*, 942 F.3d at 988. SCL served its written responses on Holtsclaw on June 27, 2024. In those responses, SCL indicated which requests prematurely sought class-wide merits discovery and which ones were objectionable on other bases before indicating whether it would produce documents responsive to those requests notwithstanding the objections. Holtsclaw can offer no

7

explanation as to why he did not raise these issues with SCL at any time prior to February 6, 2025. Indeed, Holtsclaw's argument that he needed to see the full document production ignores the fact that SCL told him nearly *eight* months prior that it would not produce documents in response to many of the RFPs about which he now complains. Holtsclaw can offer no explanation for why he failed to timely raise concerns about these responses. This point is only underscored by the fact that Holtsclaw did not alert SCL that he believed SCL's interrogatory responses were *deficient until February 18, 2025.* If Holtsclaw believed that those responses were deficient, he had an obligation to timely let SCL know and there was absolutely no reason he was incapable of doing so. *See Sports Rehab Consulting LLC v. Vail Clinic, Inc.*, 2024 WL 1931750, at *2 (D. Colo. Apr. 30, 2024) (citing *Spacecon Specialty Contractors, LLC v. Bensinger,* 2011 WL 782677, at *2 (D. Colo. Mar. 1, 2011)). ("An aggrieved party has an obligation to raise discovery issues in a timely manner, and courts look to the close of discovery to determine whether a motion to compel is timely.)

Likewise, Holtsclaw's contention that he only recently learned of the need to take additional depositions is undermined by the identities of the additional depositions he now seeks to take. First, Holtsclaw claims that he now desires to take a 30(b)(6) deposition of SCL. Holtsclaw has not offered even the most threadbare of explanations as to why *he only recently learned that he might want to take a deposition of the entity that he sued.* Second, Holtsclaw now contends that he wants to take a deposition of an individual who was an administrative assistant for SCL during the time of his employment. But, Holtsclaw also acknowledged in his deposition that he knew her identity well before this lawsuit was

filed because the two of them had worked together at a previous job before they began working together at SCL. Holtsclaw specifically testified that he had known this individual for years. In short, Holtsclaw's contention that he only recently learned that he may want to take additional depositions is not a sufficient explanation.[2]

Paragraph 14 of Holtsclaw's Motion also implies that another basis for his request is the late receipt of deposition transcripts. However, Holtsclaw notably fails to explain why these transcripts merit an extension, especially as (1) Holtsclaw could have requested expedited transcripts for any of them, (2) Holtsclaw's counsel already deposed Mr. McCullough on three (3) separate occasions, and (3) Holtsclaw certainly should not need substantial time to review his own deposition testimony in a case that he brought over a year ago as he ostensibly already had notice of the topics about which he testified.[3]

Further, Holtsclaw's Motion only seeks an extension of the deadline to file his Motion for Class Certification; the Motion notably *does not request that the Court re-open the discovery deadline.* That deadline passed four (4) months prior to Holtsclaw ever raising up the concerns he now claims prevent him from being able to move for class

---

[2] The parties previously agreed to extend the initial deadlines to allow for Mr. Bentz' deposition. Despite repeated efforts to make him available, Holtsclaw has failed to take his deposition. For example, the parties previously agreed to conduct Mr. Bentz' deposition on January 23, 2025. Holtsclaw's counsel subsequently indicated that they could no longer do that date. At an in-person meeting on February 13, 2025, counsel for SCL informed Holtsclaw's counsel that Mr. Bentz had been on leave for the prior two weeks but would be available the following week. Holtsclaw's counsel indicated that the following week would work for them. On February 18, 2025, SCLs' counsel confirmed that Mr. Bentz could be available on February 20 or February 21, 2025. Holtsclaw's counsel never responded about moving forward with Mr. Bentz' deposition.

[3] To say nothing of the fact that Holtsclaw specifically sought the second extension of time so that these depositions could occur in February – in the run up to the new deadline for him to move for class certification.

certification. "[M]ost court look to the discovery deadline date in considering whether a motion to compel is timely." *Betts v. Work Zone Traffic Control, Inc.*, 2017 WL 3424996, at *1 (D. Colo. Aug. 9, 2017). Here, Holtsclaw is arguing that a discovery dispute that he initiated four (4) months after the close of class certification discovery is a sufficient basis for extending the deadline to file his motion for class certification while never addressing the fact that class certification discovery is closed and he has not requested that the Court reopen it. This is not a sufficient basis for showing good cause.

Finally, Holtsclaw makes no effort to explain why he waited until 4:45 pm on the date of his deadline to file his motion for class certification to ask the Court for more time. To be clear, Holtsclaw did not raise the prospect of seeking an extension of time until February 20, 2025; and was on notice since February 21, 2025 that SCL was opposed to any further extensions. That Holtsclaw did not raise the prospect of requesting additional time from the Court until only *after* Holtsclaw testified in his deposition testimony that a number of the allegations in his own complaint were untrue and did not apply to him raises real concerns about the timing of this request.

Ultimately, Holtsclaw waited until 4:34 p.m. on February 26, 2025 to initially file its Motion, which as noted above contained numerous factual inaccuracies. While the "intent and spirit of Rule 16 is to allow courts to actively manage the timetable of case preparation[,]" 918 F.2d at 1126, Holtsclaw has effectively thwarted that power by waiting until the last minute to ask the Court for more time. Indeed, by waiting until less than eight hours before his brief was due to even make the request, Holtsclaw has effectively procured an extension of time to his deadline even if the Court ultimately denies the

10

request. Such action is not sufficient for establishing good cause to grant the extension.

## **CONCLUSION**

For the reasons stated, Defendant Stake Center Locating, LLC requests that the Court deny Plaintiff Brian Holtsclaw's Motion to Extend Deadline to File for Class Certification.

This the 19th day of March, 2025.

>  */s/ Daniel D. Stratton*
> Denis E. Jacobson
> NC State Bar No. 13559
> Alan B. Felts
> NC State Bar No. 42826
> Daniel D. Stratton
> NC State Bar No. 52416
> **TUGGLE DUGGINS P.A.**
> P.O. Box 2888
> Greensboro NC 27402
> Tel: (336) 378-1431
> Emails: djacobson@tuggleduggins.com
>         afelts@tuggleduggins.com
>         dstratton@tuggleduggins.com
>
> Zane A. Gilmer
> STINSON LLP
> 1144 Fifteenth Street, Suite 2400
> Denver, CO 80202
> Phone: 303.376.8416
> Email: zane.gilmer@stinson.com
>
> *Attorneys for Defendant Stake Center Locating, LLC*

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE FOR CLASS CERTIFICATION** was served upon the parties to this action by the Court's CM/ECF system which will provide notice to all counsel of record.

DATED: March 19, 2025                 */s/ Daniel D. Stratton*
                                                                    Daniel D. Stratton
                                                                    dstratton@tuggleduggins.com

                                                                    *Attorney for Stake Center Locating, LLC*