IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-00490-RMR-SBP

BRIAN HOLTSCLAW, *individually and for others similarly situated*,

    Plaintiff,

v.

STAKE CENTER LOCATING, LLC, *a Utah limited liability company*,

    Defendant.

## ORDER

**Susan Prose, United States Magistrate Judge.**

    This matter comes before the court on Plaintiff Brian Holtsclaw ("Plaintiff")'s Motion for Extension of Time to File for Class Certification ("Motion"). ECF No. 60. The undersigned considers the Motion pursuant to the Order of Reference, ECF No. 17, the memorandum referring the Motion, ECF No. 61, and 28 U.S.C. § 636(b)(1). The court has reviewed the Motion, the related filings, and the applicable law. For the reasons set forth below, the Motion is **GRANTED**.

### I.    ANALYSIS

    The court assumes familiarity with the underlying allegations and procedural history in this matter, which is largely irrelevant for the purpose of ruling upon the Motion except as addressed below.

    Scheduling order deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). To demonstrate good cause pursuant to Rule 16, the moving party must "show that it has been diligent in attempting to meet the deadlines, which means it must

1

provide an adequate explanation for any delay." *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (citation omitted); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts. . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (internal quotation and citation omitted). *Accord Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (holding that "total inflexibility is undesirable" in the context of a motion to adopt a new scheduling order); *Lehman Bros. Holdings Inc. v. Universal Am. Mortg. Co., LLC*, 300 F.R.D. 678, 681 (D. Colo. 2014) (setting forth the standards outlined above).

The decision to modify the Scheduling Order "is committed to the sound discretion of the trial court." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987); *see also Benton v. Avedon Eng'g, Inc.*, No. 10–cv–01899–RBJ–KLM, 2013 WL 1751886, at *1 (D. Colo. April 23, 2013). "When exercising its discretion, the Court considers the following factors: (1) whether trial is imminent; (2) whether the request to reopen or extend discovery is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the Court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court; and (6) the likelihood that the discovery will lead to relevant evidence." *Lehman Bros.*, 300 F.R.D. at 681 (citing *Smith,* 834 F.2d at 169).

In responding to the Motion, Defendant first argues that because counsel for Plaintiff allegedly waited a week after Defendant's August 22, 2025 production of class-wide pay data to attempt to access the production provided by Defendant, Plaintiff's Motion must be denied. "Response," ECF No. 62 at 7-9. Counsel for Plaintiff has explained that they held the legitimate

2

belief they had not yet received a "passphrase" from Defendant they would need to access the production and that they ultimately reached out to Defendant when this passphrase was not forthcoming. "Reply," ECF No. 64 at 3-6. The court finds this to be an adequate explanation for the week's delay that, standing alone and in light of the considerations set forth in *Lehman Bros.*, justifies a week's extension. *See also, e.g.*, *Tesone v. Empire Marketing Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (party requesting extension must show diligent efforts to meet the deadline and an adequate explanation for the delay).

        Defendant also argues that Plaintiff did not diligently seek "pay data" until the court set a September 2, 2025 class certification motion deadline at the end of July; that Defendant told Plaintiff on August 15, 2025 that it would produce the pay data by August 22, 2025; and that Plaintiff never objected to this timeline. Response at 9-11. Plaintiff provides citations and sources suggesting that he did in fact diligently seek the data at issue starting at a much earlier date. *See, e.g.*, Reply at 1-3. Moreover, Plaintiff also asserts that the production provided by Defendant is significantly more voluminous and less organized than counsel had anticipated, requiring counsel to expend more time sifting through the data than expected, despite diligent efforts. *Id*. at 6-8. Either of these justifications, even standing alone, would provide an adequate explanation for requesting the relatively brief three-week extension sought here.

        Finally, in opposing Plaintiff's request, Defendant has stated no reason why permitting the extension would be prejudicial to Defendant, despite acknowledging that prejudice is a relevant consideration in this context. *See* ECF No. 62 at 6; *Lehman Bros.*, 300 F.R.D. at 681.

        The court finds that the first, third, fourth, and fifth *Lehman Bros.* factors favor Plaintiff and that each factor, both individually and collectively, outweighs the second factor (which favors Defendant) here, while the sixth *Lehman Bros.* factor is neutral. The court notes that trial

is not imminent, finds no prejudice to Defendant, and concludes that Plaintiff has acted with sufficient diligence and within the guidelines established by the court. *See id.* Plaintiff does not seek additional discovery, but merely a brief and foreseeable extension of time to sort through the discovery he has received, and the parties do not dispute that the evidence at issue is relevant. *See id*. Accordingly, the only factor set forth in *Lehman Bros.* that weighs in favor of Defendant here is the fact that Defendant opposes Plaintiff's Motion. *See id*. This alone is not sufficient to outweigh any other consideration set forth in *Lehman Bros*.

Plaintiff's Motion is therefore granted, good cause having been shown, and Plaintiff's Motion to Certify Class, filed within twenty-one days of the former September 2, 2025 deadline, is accepted as timely.

## II.  CONCLUSION

For the reasons above, the court **GRANTS** Plaintiff's Motion for Extension of Time.[1]

DATED: January 7, 2026            BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

[1] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").